

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

---

*Michael F. Aubin*  
*Assistant United States Attorney*  
*Michael.Aubin@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4940*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3091*

March 21, 2024

The Honorable Julie R. Rubin
United States District Judge
101 W. Lombard Street
Baltimore, Maryland

*VIA ELECTRONIC MAIL TO CHAMBERS*

    Re:   *United States v. Oluwatoyin Aborisade*
            Criminal Case No. JRR-21-229
            Joint Proposed Stipulations and Anticipated Objections to Exhibits

Dear Judge Rubin:

    The parties jointly submit this letter to address various pretrial matters in advance of the April 1, 2024 trial scheduled in the above-referenced case.

I.    Proposed Stipulations

a. Special Agent Jason Shaver, formerly of Homeland Security Investigations, was requested to download records obtained from Yahoo-Oath into a program that would allow investigators to sort and review the records. SA Shaver provided the records to SA Giannakos in a program known as Magnet AXIOM.

b. The Board of Immigration Appeals is a Department of Justice agency that allows non-lawyer "Accredited Representatives" to represent immigration clients in immigration related legal matters.  The Department of Justice will only accredit a non-lawyer representative when they work or volunteer for a "Recognized Organization," which is a non-profit organization located in the United States that has been granted permission by the Department of Justice to practice immigration law before the United States Citizenship and Immigration Services. Defendant is not and has not ever been an "Accredited Representative." Phemnick Legal Center and Phemnick Home Health and Residential Services are not and have not ever been "Recognized Organizations."

**The defense agrees to this stipulation only if the following curative instruction is added**: Mr. Aborisade is not charged in this case with the unauthorized practice of law.

II.    Defense Objections to Government Exhibits

1. **USCIS applications and attachments (Exhibits 3, 3A, 5, 5A, 8, 8A, 10, 10A, 10B, 10C, 10D, 10E, 12, 12A, 12B, 15, 15A, 15B, 18, 18A, 18B, 18C, 21, 21A., 21B, 24, 24A, 24B, 24C, 27, 27A, 27B, 29, 29A, 29B, 32, 32A, 32B, 35, 35A, 35B, 38, 38A, 38B, 38C, 43)**

Defendant's Objection: The defense objects to these documents as multiple levels of hearsay. The first level of hearsay is the document, which is in the custody of USCIS. The government's position is that these are admissible as business records under Rule 803(b). The defense contends these are not properly admitted as business records because this exception is inapplicable to government agencies. *See, e.g. United States v. Lita*, 800 F. App'x 8, 11 (2d Cir. 2020); *U.S. v. Morales*, 720 F.3d 1194 (9th Cir. 2013).

Additionally, the documents contain a second level of hearsay for which an exception must be established. *See, e.g., U.S. v. Marguet-Pillado*, 560 F.3d 1078, 1086 (9th Cir. 2009). The government's position is that the second level of hearsay statements are admissible as an opposing party's statements adopted by Mr. Aborisade under Rule 801(d)(2)(B) or co-conspirator statements under Rule 801(d)(2)(E). The defense objects to the second level of hearsay and contends that the requirements of Rule 801(d)(2) are not met for each of the proposed exhibits.

Government's Position: In regard to the "first level of hearsay," the government states that the USCIS applications and attachments are public records subject to the exception in Fed. R. Evid. 803(8).

The government further states that the contents of these documents are not admitted for their truth, but rather as statements of independent legal significance, and therefore the contents of the documents do not constitute hearsay. *See, e.g.*, *Holloman v. Consumer Portfolio Servs., Inc.*, No. CV RDB-23-134, 2023 WL 4027036, at *7 (D. Md. June 15, 2023) ("The Fourth Circuit has explained that 'statements of independent legal significance form a part of the details of the issue under the substantive law and the pleadings, which is to say that the underlying action necessarily involves utterances.'"). Additionally, the documents were submitted by Defendant as the preparer and/or a co-conspirator in furtherance of the conspiracy to commit visa fraud, and thus they are alternatively admissible under Fed. R. Evid. 801(d)(2)(A) and (d)(2)(E).

2. **Real Leases (45, 46, 47)**

Defendant's Objection: The Defense objects to these documents as inadmissible hearsay under Rule 802.

Government's Position: The government states that the real leases are business records meeting the foundational requirements of Fed. R. Evid. 803(6), and the government intends to elicit testimony from one or more witnesses for the purpose of laying foundation.

3. **Intake forms (11, 14, 17, 20, 23, 26, 31, 34, 37, 40)**

Defendant's Objection: The Defense objects to these documents as inadmissible hearsay under Rule 802. To the extent that the government contends that they are business records, a witness would be needed to establish the pertinent elements of Rule 803(6). Even if admitted as business records, the documents contain statements for which there is no hearsay exception.

Government's Position: The government states that the intake forms are business records meeting the foundational requirements of Fed. R. Evid. 803(6), and the government intends to elicit testimony from one or more witnesses for the purpose of laying foundation. In addition, several of the intake forms are signed by Defendant, which constitutes an adoption of the statements made on the forms, so such statements are also admissible under Fed. R. Evid. 801(d)(2)(B).

4. **Documents found on PC7, 8 and 11 (60, 61, 62, 63, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81)**

Defendant's Objection: The Defense objects to these documents as inadmissible hearsay under Rule 802.

Government's Position: The government states that these documents are either statements made by Defendant in an individual or representative capacity, and/or they are statements made by Defendant's agent or employee on a matter within the scope of that relationship while it existed, and/or they are statements made by Defendant's co-conspirator(s) during and in furtherance of the conspiracy.

5. **Harmon/Olomo "Contract" (60)**

Defendant's Objection: The Defense additionally objects to this document as inadmissible hearsay under Rule 802, for lack of authentication, and for lack of relevance. As to relevance, this document does not tend to prove any of the elements of the charges relating to Ms. Olomo's application.

Government's Position: The government states that the Harmon/Olomo Contract is a verbal act and therefore is non-hearsay. In addition, the Harmon/Olomo Contract is relevant because tends to prove Defendant's role in facilitating Ms. Olomo's fraudulent marriage, which is alleged as an overt act in furtherance of the conspiracy to commit visa fraud for which Defendant is charged in Count One. *See* Indictment ¶ 17(b).

6. **Client List (62)**

Defendant's Objection: The Defense objects to this document as inadmissible hearsay under Rule 802.

Government's Position: The government states that the Client List constitutes a statement made by an employee of Defendant within the scope of the relationship while it existed, and therefore it is within the hearsay exclusion set forth in Fed. R. Evid. 801(d)(2)(D). In addition, the Client List is a business record within the hearsay exception set forth in Fed. R. Evid. 803(6).

7. **Word Documents from PC7 and 11(63, 72-81)**

<u>Defendant's Objection:</u> The Defense objects to these documents as inadmissible hearsay under Rule 802, to the extent that they contain track changes or metadata.

<u>Government's Position:</u> The government states that these documents, including the tracked changes therein (where applicable), are either statements made by Defendant in an individual or representative capacity, and/or they are statements made by Defendant's agent or employee on a matter within the scope of that relationship while it existed, and/or they are statements made by Defendant's co-conspirator(s) during and in furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2)(A), (D), (E).

8. **Texts between Samson and Aborisade in group chat with Olomo (82).**

<u>Defendant's Objection:</u> The Defense objects to admission of text messages not authored by Mr. Aborisade as inadmissible hearsay under Rule 802. Rule 106 does not apply to the remainder of the conversation as the government is not the adverse party, but rather the party offering the evidence.

<u>Government's Position:</u> The government states that several of the text messages in the group chat constitute statements by Defendant's co-conspirator during and in furtherance of the conspiracy, so they are admissible under Fed. R. Evid. 801(d)(2)(E). The government further states that other messages not authored by Defendant may be admissible for the non-hearsay purpose of giving context to Defendant's statements (such as questions being answered by Defendant's statements), not for the truth of the matters asserted.

9. **Video interview of Mr. Aborisade (91).**

<u>Defendant's Objection:</u> The defense objects to this video because it contains hearsay in the form of the agents' statements throughout the recording.

<u>Government's Position:</u> The government states that some of the questions asked by agents may be admissible for the non-hearsay purpose of giving context to the answers provided by Defendant during the interview, not for the truth of the matters asserted.

In general, the defense does not waive its right to object to evidence on authentication or other evidentiary grounds during trial.

III.   <u>Parties' Proposed Time Stamps for Video Interview of Mr. Aborisade</u>

The government intends to present excerpts of the August 18, 2021 video-recorded interview given by Defendant with the following approximate time stamps (hh:mm:ss). Without waiving any objections, the defense has proposed redactions to the excerpts as specified below.

- 3:30 – 5:47
    - Redacting two seconds at 3:37 ("as you can probably imagine")
- 7:14 – 9:43

- - o   Redacting one second at 9:19 in which handcuffs are visible
- 13:19 – 15:19
- 17:04 – 18:34
- 24:40 – 27:38
- 1:06:06 – 1:08:10
  - o   Redacting from 1:06:25 ("Because I've heard $7,500") to 1:06:37 ("I've see it in emails that it was $7,500)

Respectfully Submitted,

Erek L. Barron
United States Attorney


_____/s/_____
Michael F. Aubin
Darryl L. Tarver
Assistant United States Attorneys


And

James Wyda
Federal Public Defender

_____/s/_____

Ellie C. Marranzini, #817525
Sean McKee, MD #0912160236

*Attorneys for Defendant Oluwatoyin Aborisade*