**United States District Court for
the District of Maryland**

| | |
|---|---|
| **United States**<br><br>**v.**<br><br>**Oluwatoyin Aborisade** | **No. 1:21-cr-299-JRR** |

**Motion for Judgment of Acquittal**

Oluwatoyin Aborisade moves pursuant to Federal Rule of Criminal Procedure 29(a) for judgment of acquittal. Mr. Aborisade challenges the sufficiency of the evidence as to Counts One through Twenty-Three.

**Allegations**

The government has charged Mr. Aborisade with 23 counts: one count of conspiracy to commit visa fraud in violation of 18 U.S.C. § 371, twelve counts of visa fraud in violation of 18 U.S.C. § 1546(a), and ten counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. Broadly speaking, the government accuses Mr. Aborisade of conspiring to commit visa fraud and of presenting false statements to United States Citizenship and Immigration Services ("USCIS") in 13 different green card applications. The false statements are alleged to have related either to sponsorship information in Form I-864s submitted with marriage-based applications (in Counts Two and Three) or falsified psychological evaluations and/or leases submitted with Form I-

360's[1] (in Counts Four through Thirteen). Each of the aggravated identity theft counts (Fourteen through Twenty-Three) relates to a substantive visa fraud count.

Count One, the conspiracy count, alleges that Mr. Aborisade conspired with others to defraud the United States by committing visa fraud.

Counts Two and Fourteen relate to the marriage-based application, and corresponding sponsorship documents, of Jankibahen Panchal and Eric Townes. Counts Three and Fifteen relate to the marriage-based application, and corresponding sponsorship documents, of Teniade Olomo and her U.S. citizen spouse Bevis Harmon. In these four counts, the government alleges that Mr. Aborisade wrongfully used the identifying information of Gabriel and Girlie Dennis and presented them as sponsors without their knowledge or consent.

Counts Four through Thirteen relate to VAWA applications involving purportedly fraudulent psychological evaluations and/or lease agreements. Counts Sixteen through Twenty-Three charge aggravated identity theft in relation to these aforementioned substantive visa fraud counts.

### Argument

I.   **The government has failed to prove the essential elements of the charged offenses beyond a reasonable doubt.**

Under Rule 29, "the [C]ourt on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018) (quoting Fed. R. Crim. P. 29). The trial evidence "is to be viewed in the light most favorable to the prosecution." *United*

---

[1] Applications submitted under the Violence Against Women Act ("VAWA").

*States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). Denial of such a motion is only appropriate where "substantial evidence supports the verdict." *Id.* "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The government has failed to prove all elements of the charged offenses beyond a reasonable doubt.

## II.    The government has failed to prove conspiracy (Count One).

The first element of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment. Sand, Siffert, *Modern Fed. Jury Instructions,* 19-3. The government must prove "that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to accomplish an unlawful act." Sand, Siffert, *Modern Fed. Jury Instructions,* 19-4.

While the indictment charges multiple overt acts and references multiple co-conspirators, the evidence presented in the government's case in chief with respect to conspiracy was much narrower. Of the four co-conspirators referenced in the indictment, the evidence at trial only pertained to two: Yetunde Samuel (co-conspirator 1) and Victor Makanjuola (co-conspirator 4). Evidence was not presented regarding a conspiracy with co-conspirator 3 (Bode Aremu) or co-conspirator 2 (Adenike Aborisade).

With respect to co-conspirator 1, Yetunde Samuel, the government presented evidence that Ms. Samuel edited psychological evaluations and lease agreements that were then submitted to USCIS. According to Ms. Samuel, this was done at Mr.

Aborisade's instruction. The government, in its case in chief, presented no agreement between her and Mr. Aborisade to commit visa fraud, as Ms. Samuel claimed in her testimony she had no knowledge that the documents would be submitted as genuine.

With respect to co-conspirator 4, Victor Makanjuola, the government presented evidence that Mr. Makanjuola paid Mr. Aborisade to create a lease agreement for use in his application. The indictment alleges that the purpose of the fraudulent lease was to demonstrate that Mr. Makanjuola had lived with his U.S. citizen spouse, when in fact he had not. No evidence was presented to establish that Mr. Aborisade knew that Mr. Makanjuola did not live with his spouse. Accordingly, there was no unlawful agreement between Mr. Aborisade and Mr. Makanjuola.

Taken in the light most favorable to the prosecution, no rational trier of fact could have found the existence of an unlawful agreement beyond a reasonable doubt.

III.   **The government has failed to prove that Mr. Aborisade knew that the Dennis sponsorship information was false (Counts Two, Three, Fourteen, and Fifteen).**

The fifth element of visa fraud is that the defendant knew the statement at issue was false when it was presented. Sand, Siffert, *Modern Fed. Jury Instructions*, 47-13. "To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness." *Id.* With respect to Counts Two, Three, Fourteen, and Fifteen, the government has failed to prove that Mr. Aborisade presented the Dennises' information with knowledge that it was false.

At trial, the government presented evidence regarding the marriage-based applications intended to benefit Jankibahen Panchel and Teniade Olomo. Each application contained I-864 sponsorship forms with the information and identifying

documents of Gabriel and Girlie Dennis. The Dennises testified that they did not consent to the use of their information for or agree to sponsor the application of Panchal or Olomo. However, none of the evidence presented showed that Mr. Aborisade *knew* that the Dennises had not consented. In fact, none of the petitioning U.S. citizen spouses (Eric Townes or Bevis Harmon) or beneficiaries (Panchal or Olomo) testified.[2] Considering the evidence in the light most favorable to the prosecution, no reasonable juror could conclude that Mr. Aborisade acted knowingly with respect to the use or misuse of the Dennises' identifying information. At most, the jury can conclude that *someone* misused the Dennises' information, but it cannot conclude whether it was one of the petitioners, one of the beneficiaries, Mr. Aborisade, or someone else altogether. In other words, at most, the government's evidence permits an "equally plausible inference" that any of these individuals misused the Dennises' information. *United States v. Rodriguez-Martinez*, 778 F.3d 367, 373 (1st Cir. 2015). Under such circumstances, there is insufficient evidence to convict. *Id.* ("We must reverse a conviction on the grounds of evidentiary insufficiency where an equal or nearly equal theory of guilt and a theory of innocence is supported by the evidence viewed in the light most favorable to the verdict."). (citation omitted).

If the evidence is insufficient as to Counts Two and Three, so too does it fall short for Counts Fourteen and Fifteen. The second element of aggravated identity theft is that the identification was used during and in relation to the offense of visa fraud charged. Sand, Siffert, *Modern Fed. Jury Instructions*, 39A-51.

---

[2] Ms. Olomo's testimony was stricken from the record.

5

**IV.    The government has not proved that the VAWA applications involved a document required by the immigration laws or regulations (Counts Four through Thirteen and Sixteen through Twenty-Three).**

The second element of visa fraud requires that the government prove beyond a reasonable doubt that the false statement at issue

> was made in a document required by the immigration laws or regulations. It is not required that the statement be in an official form of the Bureau of Citizenship and Immigration Services. It is sufficient if the false statement was included in any affidavit or other document required to be attached to an application.

Sand, Siffert, *Modern Fed. Jury Instructions*, 47-10.

Unlike other USCIS forms, Form I-360 has no required documents. *See* I-360 instructions, DEF-3 at p. 6 ("You *may* file your self-petition with any credible relevant evidence of your eligibility."); 8 CFR 204.2(c)(2) (examples of evidence that is encouraged but not required). The testimony of ISO Christina Kenny, IO Alice Akinyele, and ISO Diana Arnell confirmed that the I-360 has no document requirement *per se*. Additionally, ISO Kenny specifically testified that psychological evaluations are not required to be submitted with I-360s.

The false statements charged in Counts Four through Thirteen were in the form of purportedly fraudulent psychological evaluations or lease agreements. Neither is a "document required by the immigration laws or regulations." *Cf. United States v. Konstantakakos,* 121 Fed. App'x 902, 908 (2d Cir. 2005) (Where law provided for the submission of three of an enumerated list of documentation, the submitted documents were "required" by the regulation).  Accordingly, the government cannot prove the second element of visa fraud for Counts Four through Thirteen.

Aggravated identity theft requires the government to prove the commission of a predicate offense. Sand, Siffert, *Modern Fed. Jury Instructions*, 39A-53. Unable to establish the elements of visa fraud beyond a reasonable doubt for Counts Four through Thirteen, no rational trier of fact could find that the second element of aggravated identity theft with respect to Counts Sixteen through Twenty-Three was satisfied.

**V.      The government has not proved that Mr. Aborisade subscribed as true the applications charged in counts Four through Thirteen.**

To satisfy the third element of visa fraud, the government must prove beyond a reasonable doubt that the false statement at issue was made under oath. Sand, Siffert, *Modern Fed. Jury Instructions,* 47-11. Because Mr. Aborisade is charged as a presenter for purposes of 18 U.S.C. § 1546(a), the government must prove that he "subscribed as true" under penalty of perjury, "written information submitted to the Bureau of Citizenship and Immigration Services." *Id.*

The government presented evidence that Mr. Aborisade signed under penalty of perjury the applications at issue in Counts Two and Three as a preparer.

**Preparer's Certification**

By my signature, I certify, swear, or affirm, under penalty of perjury, that I prepared this affidavit on behalf of, at the request of, and with the express consent of the sponsor. I completed this affidavit based only on responses the sponsor provided to me. After completing the affidavit, I reviewed it and all of the responses with the sponsor, who agreed with every answer on the affidavit. If the sponsor supplied additional information concerning a question on the affidavit, I recorded it on the affidavit.

**Preparer's Signature**

8.a.   Preparer's Signature

8.b.   Date of Signature (mm/dd/yyyy)   11/08/17

Excerpt from Government's Exhibit 5, page 53 (Panchal's application, Count Two).

While evidence was presented that Mr. Aborisade and/or Phemnick participated in the submission of the remaining applications, there is no evidence that he subscribed their contents as true under penalty of perjury. *See United States v. Ashurov*, 726 F.3d 395 (3d Cir. 2013) (affirming grant of judgment of acquittal on visa fraud where the defendant presenter had not signed the relevant form under oath).

A-Number ▶ A-

| Part 12. Contact Information, Declaration, and Signature of the Person Preparing this Application, if Other Than the Applicant (continued) | NOTE: Do not complete Part 13. until the USCIS Officer instructs you to do so at the interview. |

**Part 13. Signature at Interview**

**Preparer's Statement**

7.a. ☐ I am not an attorney or accredited representative but have prepared this application on behalf of the applicant and with the applicant's consent.

7.b. ☐ I am an attorney or accredited representative and my representation of the applicant in this case
☐ extends ☐ does not extend beyond the preparation of this application.

   **NOTE:** If you are an attorney or accredited representative, you may be obliged to submit a completed Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, with this application.

**Preparer's Certification**

By my signature, I certify, under penalty of perjury, that I prepared this application at the request of the applicant. The applicant then reviewed this completed application and informed me that he or she understands all of the information contained in, and submitted with, his or her application, including the **Applicant's Declaration and Certification**, and that all of this information is complete, true, and correct. I completed this application based only on information that the applicant provided to me or authorized me to obtain or use.

**Preparer's Signature**

8.a. Preparer's Signature (sign in ink)

N|A

8.b. Date of Signature (mm/dd/yyyy)    N/A

I swear (affirm) and certify under penalty of perjury under the laws of the United States of America that I know that the contents of this Form I-485, Application to Register Permanent Residence or Adjust Status, subscribed by me, including the corrections made to this application, **numbered** [   ]

**through** [   ], are complete, true, and correct. All additional pages submitted by me with this Form I-485, **on numbered pages** [   ] **through** [   ] are complete, true, and correct. All documents submitted at this interview were provided by me and are complete, true, and correct.

Subscribed to and sworn to (affirmed) before me

USCIS Officer's Printed Name or Stamp

Date of Signature (mm/dd/yyyy)

Applicant's Signature (sign in ink)

USCIS Officer's Signature (sign in ink)

Excerpt from Government's Exhibit 12 p. 17 (Carr application, Count Five).

Accordingly, for Counts Four through Thirteen, no rational trier of fact could find the third element beyond a reasonable doubt.

If Counts Four through Thirteen fail, then so to do the related aggravated identity theft charges at Counts Sixteen through Twenty-Three.

## Conclusion

For the reasons stated, Mr. Aborisade requests that the Court grant his motion for judgment of acquittal.

Respectfully submitted,

James Wyda
Federal Public Defender


_____/s/_____
Ellie Marranzini
Sean McKee
Assistant Federal Public Defenders
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600
ellie_marranzini@fd.org
sean_mckee@fd.org