IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

OLUWATOYIN ABORISADE,

*Defendant.*

Case No.: 1:21-cr-00299-JRR

## MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Defendant Oluwatoyin Aborisade's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as a motion for compassionate release (ECF Nos. 213, 214, 217, 218, 226, 230; the "Motion"), as well as the Government's response in opposition at ECF No. 223.[1]  The court also has before it Defendant's Motion for Status Update and Request for Expedited Ruling.  (ECF No. 231.)  The court has reviewed all papers and determined no hearing is necessary.

## I.    BACKGROUND

On August 4, 2021, Defendant was indicted on one count of Conspiracy to Commit Visa Fraud (Count One), in violation of 18 U.S.C. § 371, 12 counts of Visa Fraud (Counts Two through Thirteen), in violation of 18 U.S.C. § 1546, and 10 counts of Aggravated Identity Theft (Counts Fourteen through Twenty-Three), in violation of 18 U.S.C. § 1028A.  After a nine-day jury trial. on April 11, 2024, a jury unanimously found Defendant guilty on all counts.

On August 28, 2024, the court sentenced Defendant to 57 months' incarceration: 33 months for Counts One through Thirteen; 24 months for Count Fourteen, consecutive to Counts One

---

[1] The court will order sealed the Proposed Release Plan at ECF No. 214 associated with the Motion because it reveals personal identifiable information of Defendant's family members as well as Defendant's personal medical information.  The court further grants the Government's Motion to Seal (ECF No. 222) its response to the Motion (ECF No. 223) because it sets forth personal medical and health information of Defendant and his spouse.

through Thirteen; and 24 months for Counts Fifteen through Twenty-three, to run concurrent with the sentence imposed as to Count Fourteen.   The court ordered Defendant to surrender to federal authorities on Monday, December 2, 2024.  Defendant noticed an appeal the day after sentencing; the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this court, and later denied Defendant's petition for rehearing en banc.

Fifty days after he surrendered to authorities to begin his sentence, during the pendency of his appeal, Defendant filed the instant Motion, which he has supplemented several times since the initial filing.   The court notes Defendant submitted an unsuccessful request for compassionate release with his custodial warden on December 10, 2024 (8 days after the start of his incarceration). (ECF Nos. 213 at p. 3, 223-2.)[2]

Defendant presents two general grounds for the requested relief: his medical condition and family circumstances.  Specifically, Defendant asserts he suffers from poliomyelitis (polio) and requires a wheelchair and a walker to aid his mobility.  He complains that the Bureau of Prisons ("BOP") is not equipped to provide him adequate care for his polio-related medical needs. Defendant also asserts that "[t]he [prison] institution discovered that I had [an] abnormal heart problem" and "I have [a] problem with breathing."   Defendant does not set forth additional information as to his asserted heart and breathing issues, but the court observes that his BOP medical records indicate an irregular echocardiogram and appropriate follow-up care.  (ECF No. 213 at p. 6; ECF No. 223 at Ex. 4).)   Defendant describes his situation as "urgent" – to include muscle weakness, chronic pain, and "mobility challenges."  (ECF No. 218 at p. 5.)

---

[2] Defendant also requested the court stay his incarceration pending appeal, which the court denied.  (ECF Nos. 194, 199.)   The Fourth Circuit subsequently denied Defendant's emergency motion for stay of incarceration.  (ECF No. 212.)

Defendant expresses worry that he may experience worsened muscle deterioration, joint deformities, fatigue, and breathing and swallowing difficulties should he develop "post-polio syndrome (PPS), which often affects polio survivors years later." *Id.* Defendant does not have PPS, but rather expresses his concern that he may later experience this condition, for which—he predicts—BOP would not be able to provide adequate care. Defendant also describes a range of "health complications" that polio "can cause," but which Defendant does not assert he suffers, to include, *inter alia*, flu-like symptoms, muscle atrophy, cold intolerance, and emotional distress. Defendant asserts that "[w]ithout timely intervention, polio complications can become life threatening." *Id*. at 6-7.

Regarding his family circumstances, Defendant asserts that his spouse "has become incapacitated" and he is the "only available caregiver" for their children who are under age 13 (ECF No. 213 at p. 5.) By correspondence from his spouse, which Defendant appends to the Motion, Defendant asserts that she has "been struggling with health issues," and can no longer work or care for their children alone, because of her diabetic condition. (ECF No. 218 at p. 8; ECF No. 223 at Ex. 6.)

## II.    **LEGAL STANDARD**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c). "However, Congress created an exception to that general rule when 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "For many years, district courts could reduce a term of imprisonment on that ground only 'upon motion of the Director of the Bureau of Prisons.'" *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A) (2002)). "But in 2018, Congress passed the First Step Act, which 'permits

3

incarcerated defendants to file motions for compassionate release directly with the district court, provided they have fully exhausted their administrative remedies.'" *Brown*, 78 F.4th at 128 (quoting *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023)).

Section 3582(c)(1)(A), as amended by the First Step Act, provides in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, "[i]n analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Malone*, 57 F.4th at 173 (citing 18 U.S.C. § 3582). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

Thus, even if the court concludes that such extraordinary and compelling circumstances exist, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The section

4

3553(a) factors include: "(1) the nature of the offense and the defendant's characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the kinds of sentences available and the applicable Guidelines range; (4) any pertinent Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution to victims." *United States v. Johnson*, No. CR ELH-99-352, 2023 WL 7130950, at *21 (D. Md. Oct. 27, 2023).

"A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor." *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021). "Further, a district court is not required to address each of a defendant's arguments when it considers a motion for compassionate release under § 3582(c)(1)." *Id.* In *Jenkins*, the Fourth Circuit explained:

> Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case. *Chavez-Meza*, 138 S. Ct. at 1965 (affirming the district court's "barebones form order" denying defendant's request for a sentence modification under § 3582(c)(2)); *see also High*, 997 F.3d at 191 (applying *Chavez-Meza* to affirm the district court's denial of a § 3582(c)(1)(A) motion for compassionate release).

> In *Chavez-Meza*, the Supreme Court held:

>> In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others. But in other cases, more explanation may be necessary (depending, perhaps, upon the legal arguments raised at sentencing).

> *Chavez-Meza*, 138 S. Ct. at 1965.

> In other words, there is no "categorical requirement" that a court acknowledge and address each of the defendant's arguments on the record. *Id.* at 1965. Instead, the relevant standard is whether the district court "set forth enough to satisfy [this] court that [it] has considered the parties' arguments and has a reasoned basis for

5

exercising [its] own legal decisionmaking authority, so as to allow for meaningful appellate review." *High*, 997 F.3d at 190 (quoting *Chavez-Meza*, 138 S. Ct. at 1965).

22 F.4th at 170–71.

## III.    ANALYSIS

### A.  Exhaustion of Administrative Remedies

"The [First Step Act] permits incarcerated defendants to file motions for compassionate release directly with the district court, provided they have fully exhausted their administrative remedies." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); 18 U.S.C. § 3582(c)(1)(A). Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has explained:

> [Section] 3582(c)(1)(A) "outlines two routes" for requesting compassionate release in the district court, "one of which does not require exhaustion of administrative remedies." *Muhammad*, 16 F.4th at 131. Specifically, the defendant may move for compassionate release "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphases supplied). Stated differently, "the threshold requirement" to file a compassionate release motion is "satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request." *Muhammad*, 16 F.4th at 131 (emphases in original). In short, the defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release. Therefore, we see no reason to limit his motion for compassionate release in the

district court to only those grounds for compassionate release he identified in his request to the BOP.

*United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022), *cert. denied,* 144 S. Ct. 1007 (2024) (emphasis in original) (footnote omitted).

As set forth above, the court is satisfied that Defendant exhausted his administrative remedies.

## B.  Extraordinary and Compelling Reasons

Generally, the district court holds broad discretion in deciding what is an extraordinary and compelling reason for compassionate release, provided its assessment is consistent with "applicable policy statements issued by the Sentencing Commission."  *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

The United States Sentencing Guidelines set forth six circumstances that may establish "extraordinary and compelling reasons" for compassionate release:

> (1) medical circumstances of the defendant
> (2) a defendant who is at least 65 years old and suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)-(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)-(6).

While the court surely appreciates Defendant's medical diagnosis and related challenges, as noted above, Defendant chiefly relies on speculation that he may develop polio-related side effects and PPS, which he does not have.  And while the court intends no diminishment of Defendant's health challenges, many inmates are wheelchair users, and suffer from long-range or

permanent health conditions that raise the risk of worsening or intensified care needs.  Defendant's

BOP medical record (ECF No. 223 at Ex. 4) does not support a finding that Defendant suffers from

the sort of advanced and/or terminal illness that customarily forms the basis for the relief requested

(based on a medical circumstance).    On review of Defendant's BOP medical record, the court

agrees with the Government; from the moment Defendant self-surrendered, BOP has demonstrated

consistent, appropriate attention to Defendant's care:

> On December 2 and December 4, 2024, BOP staff promptly
> identified both conditions and ensured that he received the requisite
> medication. Ex. 4 at 88–89, 74. Further, BOP has continued to
> update his treatment plan in response to his ongoing needs, as
> reflected in the BOP's issuance of new medications on several dates,
> including March 17, 2025 (*Id.* at 35), March 27, 2025 (*Id.* at 34),
> April 10, 2025 (*Id.* at 26), May 7, 2025 (*Id.* at 20), and June 26, 2026
> (*Id.* at 16). Moreover, as already noted, the defendant has been
> evaluated by medical professionals more than forty times since
> entering BOP custody. From this record, it is clear that the BOP has
> taken defendant's conditions seriously and has consistently
> provided him with adequate and appropriate treatment.

(ECF No. 223 at p. 13.)

Further, as to his spouse, Defendant asserts that she is unable to work or care for the

children (who are under 13), due to her Type 1 diabetic condition.   The Motion does not set forth

material detail beyond this.  Here, again, the court intends not to diminish this medical condition

and resultant challenges, but according to the records before the court, if managed, Defendant's

spouse's diabetic condition is controllable under consistent care.  (ECF No. 223 at Ex. 6.)   In sum,

Defendant does not present an extraordinary and compelling reason for compassionate release.

### C.    <u>18 U.S.C. § 3553(a) Factors</u>

In addition to the foregoing, evaluation of the § 3553(a) factors strongly militates against

Defendant's requested relief.  As set forth in the PSR, Defendant's scheme targeted a vulnerable

immigrant population through a sophisticated, long-range scheme to feather his own nest at the

expense of their futures.  He took advantage of their critical need for help—often duping his victims out of thousands of dollars, which they were willing to pay in the hopes of a promising future in the United States.  Many of his victims sustained critical, material setbacks in the immigration process as a result.  Of note to the court, Defendant, while entitled to maintain his innocence, never expressed any compassion for the many people whose suffered serious hardship and immigration status risk in connection with his purported immigration services business.  Also, relevant here, during his pretrial release, Defendant sustained five Notices of Apparent Violation to include a brazen continuation of purported immigration related services in exchange for money.  Defendant's hubris in this regard is stunning.

Defendant has demonstrated zero regard for the law, no compassion for those injured by his activities, and bears no indicators of rehabilitation.  Further, the immigrant population is among the most vulnerable in the country; the court finds that they are at significant risk for Defendant to prey upon should he be released.  The court finds that Defendant's original sentence, in accordance with the factors set out in 18 U.S.C. § 3553(a), remains sufficient, but not greater than necessary, to do justice.

## IV.   CONCLUSION

For the foregoing reasons, it is this 20 day of April 2026,

**ORDERED** that the Motion (ECF Nos. 213, 214, 217, 218, 226, 230) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the filing at ECF No. 214 shall be maintained under **SEAL** from public access; and further it is

**ORDERED** that the Motion to Seal (ECF No. 222) shall be, and is hereby, **GRANTED,** and the Government's response to the Motion at ECF No. 223, inclusive of exhibits, shall be maintained under **SEAL** from public access; and further it is

**ORDERED** that the Motion for Status Update and Request for Expedited Ruling (ECF No. 231) shall be, and is hereby, **DENIED AS MOOT**.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Mr. Aborisade.

_____/s/_____

Julie R. Rubin
United States District Judge