**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**OLUWATOYIN ABORISADE,**<br><br>***Defendant.*** | **Case No.: 1:21-cr-00299-JRR** |

**MEMORANDUM OPINION AND ORDER**

Pending now before the court is *pro se* Defendant Oluwatoyin Aborisade's "Expedited Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and § 3553(a)." (ECF No. 236.) The court has reviewed all papers; no hearing is necessary. Local Rules 105.6, 207 (D. Md. 2025). For the reasons that follow, the Motion will be denied.

## I. BACKGROUND

On August 4, 2021, Mr. Aborisade was indicted on one count of Conspiracy to Commit Visa Fraud (Count One) in violation of 18 U.S.C. § 371, 12 counts of Visa Fraud (Counts Two through Thirteen) in violation of 18 U.S.C. § 1546, and 10 counts of Aggravated Identity (Counts Fourteen through Twenty-three) in violation of 18 U.S.C. § 1028A. (ECF No. 1.) After a nine-day jury trial, on April 11, 2024, a jury unanimously found Mr. Aborisade guilty on all counts. (ECF No. 153.)

On August 28, 2024, the court sentenced Mr. Aborisade to 57 months' incarceration: 33 months on Counts One through Thirteen; 24 months on Count Fourteen, consecutive to Counts One through Thirteen; and 24 months on Counts Fifteen through Twenty-three, to run concurrent with the sentence imposed as to Count Fourteen. (ECF No. 180 at p. 2.) Mr. Aborisade noticed an appeal the day after sentencing; the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this court and later denied Mr. Aborisade's petition for rehearing en banc. (ECF Nos. 182, 225, 228.) Previously before this court, Mr. Aborisade

filed a Motion for Compassionate Release and Motion for Reconsideration on the Order Denying Compassionate Release, which the court denied. (ECF Nos. 241, 244.)

On May 13, 2026, filed the instant Motion.

## II. <u>LEGAL STANDARD</u>

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

Portions of multi-part Amendment 821, which became effective in November 2023, are retroactive, "which means that a previously sentenced defendant whose Guideline range is lowered by the amendment may seek a sentence reduction under 18 U.S.C. § 3582(c)(2)." *United States v. Barrett*, 133 F.4th 280, 283 (4th Cir. 2025). Mr. Aborisade seeks a reduction pursuant to Part B of Amendment 821. (ECF No. 236.) "Part B of Amendment 821, U.S.S.G. § 4C1.1, decreases a defendant's offense level by two levels for a defendant who did not receive any criminal history points and whose offense did not involve certain aggravating factors." *United States v. Martinez*, No. 24-6939, 2024 WL 5232913, at *1 (4th Cir. Dec. 27, 2024). To be eligible for reduction pursuant to Part B, however, the defendant "must meet the criteria

enumerated in the amendment," *United States v. Gilliam*, No. CR JKB-19-0036, 2026 WL 3150968, at *2 (D. Md. Oct. 21, 2026), which include:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

U.S.S.G. § 4C1.1(a).

## III. <u>ANALYSIS</u>

In his Motion, Mr. Aborisade contends he is eligible for a sentence reduction pursuant to Part B of the Amendment 821. (ECF No. 236.) He also asserts the court should "consider the Sentencing Commission's April 16, 2026 Amendments as a basis for further reduction or a downward variance under 18 U.S.C. § 3553(a)." *Id.*

Mr. Aborisade's argument as to his eligibility for a reduced sentence based on Amendment 821 § 4C1.1 is unpersuasive. Amendment 821 was in effect on the date of Mr. Aborisade's sentencing on August 28, 2024; he is therefore not a "previously sentenced

defendant whose Guideline range [was] lowered by the amendment." *Barrett*, 133 F.4th at 283.[1]

Even absent the foregoing, Mr. Aborisade would not qualify for a reduction pursuant to Part B because he does not meet the criteria in § 4C1.1(a), including that "the defendant did not receive an adjustment under § 3B1.1." § 4C1.1(a)(10). At sentencing, this court added an aggravating role to Mr. Aborisade's Guidelines calculation under subsection § 3B1.1(c) due to his role as "an organizer or leader of a criminal activity, specifically that he was the creator, the organizer and the employer, for all intents and purposes, of the employees of [his LLC]." (ECF No. 192 at p. 59.) This enhancement adjusted the Guidelines calculation by two levels. *Id.* at 60. Mr. Aborisade therefore does not meet the criteria for sentence reduction pursuant to Part B. *See United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (finding nonperfect compliance with all conditions of Part B to be grounds for denial of motion for a reduced sentence).

The April 2026 U.S. Sentencing Commission Amendments do not aid Mr. Aborisade here. Firstly, his claim is premature. The referenced amendments have not yet gone into effect.[2] Carlton W. Reeves, *Federal Register Notice of Proposed 2026-2027 Priorities*, UNITED STATES SENTENCING COMMISSION, https://www.ussc.gov/policymaking/federal-register-notices/federal-register-notice-proposed-2026-2027-priorities. Further, the amendments have not been made retroactive. *Id.* Any future claim Mr. Aborisade may have based on the Sentencing Commission Amendments, should they become retroactive, is speculative and premature. *See United States v. Yarborough*, No. 8:05-CR-00809-GRA-2,

[1] Amendment 821 went into effect on November 1, 2023, and was given retroactive effect starting February 1, 2024. U.S. Sentencing Commission, *Part B of the 2023 Criminal History Amendment Retroactivity Data Report* (May, 2024) https://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202405-CH-Retro-Part-B.pdf.

[2] The amendments are scheduled to go into effect on November 1, 2026.

2011 WL 3841529 at *2 (D.S.C. Aug. 29, 2011) (denying motion for sentence modification based on amendment that had been made retroactive but had not yet gone into effect).

Additionally, as the court explained in its recent memorandum opinion and order at ECF No. 235, evaluation the § 3553(a) factors strongly militates against Mr. Aborisade's requested relief. While the court appreciates Mr. Aborisade's efforts to act as a leader by "teaching GED Mathematics, Sciences, and Social Studies," the court's analysis in its prior memorandum opinion from earlier this year remains unchanged. The court finds that Mr. Aborisade's original sentence, in accordance with the factors set out in 18 U.S.C § 3553(a), remains sufficient, but not greater than necessary, to do justice.

## IV. CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, it is this 28th day of October 2026, **ORDERED** that Mr. Aborisade's Motion (ECF No. 236) shall be, and is hereby, **DENIED**. Madam Clerk shall transmit a copy of this memorandum opinion and order to Mr. Aborisade.

October 28, 2026

/S/
______________________
Julie R. Rubin
United States District Judge